UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

---

MATTHEW ERICKSON,

    *Plaintiff*

v.

OFFICER JESSE BARMETTLER,
OFFICER JOHN DOE

    *Defendants*

**CIVIL ACTION NO. _____**

**JURY TRIAL DEMANDED**

---

# COMPLAINT

## PRELIMINARY STATEMENT

This is a civil rights action brought under 42 U.S.C. § 1983 and raising supplemental state-law claims against Defendants, individual Atlanta Police Department (APD) officers, concerning their unlawful use of excessive force and unlawful arrest of Mr. Matthew Erickson on May 14, 2022.

## JURISDICTION & VENUE

1. This Court has jurisdiction over the subject matter of the complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343. Additionally, this Court has supplementary jurisdiction over state law claims under 28 U.S.C. § 1367.

2. Venue is proper where a substantial portion of the events giving rise to this suit took place within this district and where, on information and belief, Defendants reside in this district.

## PARTIES

*Plaintiff*

3. Plaintiff Matthew Erickson is a resident of Seattle, WA. Mr. Erickson works for Fight Toxic Prisons, a civil society organization dedicated to challenging unlawful or abusive prison and practices, including the placement of prisons in areas that are environmentally unfit for human habitation, by providing workshops and trainings for advocacy groups.

*Defendants*

4. Defendant Officer Barmettler is or was, at all times relevant, an officer of the Atlanta Police Department who shoved Mr. Erickson without cause and arrested him shortly thereafter without cause. He is sued in his individual capacity.

5. Defendant Officer John Doe[1] is or was, at all times relevant, an officer of the Atlanta Police Department who threw Mr. Erickson onto the ground when Mr. Erickson was physically unable to comply with a demand to sit down due to a medical condition. He is sued in his individual capacity.

6. All individual officer Defendants acted in concert and conspiracy, were jointly and severally liable, and, at all relevant times, acted under color of state law.

## FACTUAL ALLEGATIONS

7. Mr. Matthew Erickson is a community organizer and political activist whose work with Fight Toxic Prisons focuses on challenging the construction of prisons in ways that are ecologically destructive and dangerous for the health of individuals who are incarcerated therein.

---

1  Officer John Doe's real name is currently unknown to Plaintiff due to limited disclosures made to Plaintiff through existing channels, such as the Open Records Act. Plaintiff hopes to amend this complaint upon confirming John Doe's identity.

8. Shortly before Mr. Erickson's arrest, he was visiting Atlanta as part of his job working for Fight Toxic Prisons, wherein he provided advocacy trainings to community groups that were concerned about the ecological and political implications of a controversial city project to construct a large police training facility in the South River Forest on the outskirts of Atlanta.

9. On May 14, 2022, Mr. Erickson joined several hundred other individuals in taking part in a peaceful protest against the construction of this "Cop City" at Freedom Park in Atlanta.

10. Some time after the demonstration, Mr. Erickson witnessed police officers violently arresting an activist by pinning him to the ground and then lifting him up by his arms, without any apparent justification, and began recording the arrest with his cell phone.

11. Mr. Erickson remained at a significant distance from the arrest at all times.

12. Mr. Erickson was one of several individuals standing in the area and observing the arrest.

13. Defendant Barmettler stood between the arrest and Mr. Erickson.

14. Mr. Erickson approached Defendant Barmettler with his cell phone camera recording and asked him, "You got something to say to my viewers?"

15. Defendant Barmettler responded "Get Back!"

16. Mr. Erickson stepped back while nonetheless saying "F*** You!" to Defendant Barmettler.

17. Defendant Barmettler then shoved Mr. Erickson despite Mr. Erickson's compliance, saying "Get Back or You'll Go to Jail, Sir!"

18. Mr. Erickson then accused Defendant Barmettler of assault.

19. Mr. Erickson at all times remained at a distance from Defendant Barmettler and from the arrest taking place behind Defendant Barmettler.

20. Mr. Erickson asked Defendant Barmettler his name.

21. Defendant Barmettler responded by stating his name.

22. Defendant John Doe approached Mr. Erickson with flexicuffs, indicating his intent to arrest.

23. But Defendant Barmettler motioned to Defendant John Doe not to do so, indicating that there was no reason to arrest.

24. Mr. Erickson continued to remain in place, complying with Defendant Barmettler's order to stay back.

25. Suddenly and without any apparent justification, Defendant Barmettler ordered Mr. Erickson to step back again.

26. Mr. Erickson then told Defendant Barmettler to "F*** Off" while nonetheless beginning to move backward.

27. But before Mr. Erickson had the chance to comply and immediately upon his use of profanity, Defendant Barmettler grabbed Mr. Erickson and began arresting him, stating "Turn around and put your hands behind your back, you're under arrest".

28. No apparent justification existed for the sudden order to "step back" or the subsequent arrest.

29. Defendant Barmettler arrest was retaliation against Mr. Erickson's profane but protected speech.

30. While handcuffing Mr. Erickson, Defendant Barmettler knocked Mr. Erickson's still-recording phone out of his hand and onto the ground.

31. Mr. Erickson's phone continued recording audio, but the camera remained blocked due to being knocked onto the ground.

32. An officer retrieved the cell phone and placed it in Mr. Erickson's pocket, where it continued recording audio, but could not record video as it remained in Mr. Erickson's pockets as his hands remained handcuffed.

33. Defendant John Doe ordered Mr. Erickson, now in handcuffs, to sit down on the ground.

34. Mr. Erickson explained to Defendant John Doe that he was not physically able to comply due to a medical condition causing pain in his back.

35. Defendant John Doe responded by saying "Sit down or I'm going to put you down."

36. Defendant John Doe and several other officers then wrestled Mr. Erickson and threw him to the ground.

37. Mr. Erickson remained on the ground for several minutes before other officers moved him to a squad car.

38. Mr. Erickson's phone continued recording audio but not video during this time.

39. Eventually, a police officer removed Mr. Erickson's phone from his pocket and turned it off, ending the audio recording.

40. Only after his arrest did officers conclude that Mr. Erickson was also allegedly involved in blocking a roadway during the protest.

41. Mr. Erickson was taken to Atlanta Detention Center and held overnight.

42. While in the Atlanta Detention Center, Mr. Erickson was unable to reach out to colleagues or loved ones.

43. Because Mr. Erickson was alone in Atlanta, his family and colleagues were unable to reach him and remained concerned for his safety.

44. Mr. Erickson was released only the next morning.

45. Mr. Erickson was charged with "Pedestrian in Roadway" in violation of O.C.G.A. Sec. 40-6-96 and "Obstruction" in violation of Atlanta City Ordinance 106-81.7.

46. Roughly one week later, any and all charges against Mr. Erickson were dismissed.

47. In the meantime, Mr. Erickson was forced to reschedule planned trainings for Fight Toxic Prisons due to the delays caused by his arrest.

48. Mr. Erickson was forced to pay a significantly greater amount for his lodging, an AirBnB, as a result of the delay caused by his arrest, which prolonged his stay.

49. Mr. Erickson experienced emotional and psychological humiliation and degradation due to the experience he suffered.

50. Additionally, he experienced severe pain in being forced to the ground despite informing Defendant John Doe of his medical ailment.

## CLAIMS FOR RELIEF

### COUNT I
**Excessive Force**
**U.S. Const. Amends. IV and XIV and 42. U.S.C. § 1983**
**Against Both Defendants**

51. Defendants had a federal and constitutional duty barring them from using excessive force upon Mr. Erickson.

52. Mr. Erickson had not failed or refused to comply with any order, lawful or otherwise, when Defendant Barmettler physically shoved him backward.

53. Where this use of shoving was unnecessary and unjustified and constituted an excessive use of force.

54. Mr. Erickson's refusal to sit down was the result of a legitimate medical concern.

55. Mr. Erickson voiced this concern to Defendant John Doe.

56. Defendant John Doe nonetheless forcibly tripped and slammed Mr. Erickson to the grass to force him to sit down.

57. The use of force to make an arrestee sit down when they are unable to do so due to a medical condition under the circumstances described is an excessive use of force.

58. Mr. Erickson's damages, including pain and suffering, were proximately caused by Defendants' excessive uses of force.

## COUNT II
### False Arrest / Retaliatory Arrest / Selective Enforcement
### U.S. Const. Amends. I, IV and XIV and 42. U.S.C. § 1983
### Against Defendant Barmettler

59. Defendants had a federal and constitutional duty not to arrest Mr. Erickson without probable cause.

60. But no probable cause existed for Mr. Erickson's arrest.

61. Mr. Erickson's use of profanity while stepping back did not constitute a failure to follow Defendant Barmettler's order to step back.

62. Mr. Erickson had been and was in the middle of following Defendant Barmettler's order when he was arrested nonetheless.

63. Furthermore, even if the facts could be construed to suggest that Mr. Erickson had failed to follow this order, the second order to step back was unlawful, and therefore cannot constitute the basis of a lawful arrest.

64. Specifically, this second order was unlawful in that it required Mr. Erickson to back up further than the necessary perimeter around the original arrest with which Mr. Erickson was plainly complying.

65. There was no justification to further extend the perimeter.

66. Defendants had a further duty not to arrest Mr. Erickson in retaliation for protected speech.

67. Even an arrest based on probable cause can violate the First Amendment where it is carried out selectively in retaliation for protected speech.

68. Mr. Erickson's profane language and his video recording of the arrest were protected speech.

69. Defendant Barmettler violated the duty not to subject Mr. Erickson to retaliatory arrest.

70. Mr. Erickson's damages were proximately caused by Defendant Barmettler' unlawful arrest of him.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Erickson respectfully requests:

1. A trial by jury;

2. Compensatory Damages as to all Defendants;

3. Punitive Damages as to all Defendants;

4. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b) & (c) and as otherwise permitted by law;

5. Any additional relief that this Court deems just and proper.

Respectfully submitted this 14nd day of May, 2024.

/s/ Amith Gupta
Amith Gupta, Esq.
GA Bar No. 149222
American Trial Law Litigators, LLC
925B Peachtree St. NE, #2151
Atlanta, GA 30309
Tel: (408) 355-5782
amithrgupta+law@gmail.com